IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 7, 2003

## CLARENCE WASHINGTON v. TENNESSEE DEPARTMENT OF CORRECTION ET AL.

Appeal from the Chancery Court for Davidson County
No. 01-2512-II     Carol L. McCoy, Chancellor

No. M2002-02651-COA-R3-CV - Filed February 8, 2005

This appeal involves a dispute between a prisoner and the Tennessee Department of Correction regarding the calculation of his release eligibility date. The prisoner filed a petition for a declaratory judgment in the Chancery Court for Davidson County asserting that the Department had not "adequately" processed and calculated his sentences. Both the prisoner and the Department filed motions for summary judgment. The trial court granted the Department's motion, and the prisoner appealed. We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Clarence Washington, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and Stephanie R. Reevers, Associate Deputy Attorney General, for the appellee, Tennessee Department of Correction.

**OPINION**

**I.**

Clarence Washington is a career criminal. He entered seven guilty pleas to different criminal acts between 1971 and 1977.[1] In November 1982, he was convicted of assault with intent to commit robbery in the Criminal Court for Shelby County and on December 3, 1982, he was sentenced to five to ten years in the state penitentiary.[2] Later, in February 1983, he was convicted in the Criminal Court for Shelby County of two counts of armed robbery and sentenced to two concurrent ten-year

---

[1]*Washington v. State*, No. 02C01-9507-CR-00181, 1997 WL 409480, at *1 (Tenn. Crim. App. July 23, 1997), *perm. app. denied* (Tenn. Mar. 9, 1998).

[2]*State v. Washington*, 658 S.W.2d 144, 145-46 (Tenn. Crim. App. 1983).

terms of imprisonment. He was also adjudged a habitual criminal based on his seven guilty pleas between 1971 and 1977, and he received two concurrent life sentences to be served concurrently with the two ten-year armed robbery sentences.[3] He was ordered to serve these four sentences consecutive to the five-to-ten-year sentence he received in November 1982.

On January 25, 1984, Mr. Washington escaped from the Lake County Regional Correctional Facility. He was captured the same day and returned to the facility on January 26, 1984. On November 26, 1984, he was convicted of escape in the Criminal Court for Lake County and received a two-year sentence that was ordered to run consecutive to the five-to-ten-year sentence he received in December 1982. The judgment did not specify whether Mr. Washington would serve his escape sentence concurrently with his two life sentences or consecutive to his prior sentences.

The Department notified Mr. Washington on May 30, 1985 that it had "recomputed" his sentence by adding his two-year escape sentence to his five-to-ten-year sentence for assault with intent to commit robbery. Following this action, at least in the eyes of the Department, Mr. Washington was serving a five-to-twelve-year sentence consecutive to his sentences for armed robbery. The Department also informed Mr. Washington that his life sentences would be "held in abeyance" and would be "certified to the Board of Paroles for custodial parole consideration" when he became eligible.[4]

On July 23, 1985, a hearing panel of the Board of Paroles recommended Mr. Washington for custodial parole to his current life sentences. However, on February 12, 1986, the full Board rescinded the panel's recommendation because Mr. Washington had "an unprocessed sentence." Mr. Washington requested a de novo review of the February 12, 1986 decision. The Board informed him on March 26, 1986 that his request had been denied.

More than a decade passed before Mr. Washington again challenged the computation of his sentences.[5] In July 1997, he requested the Department to issue a declaratory order regarding his sentences and parole eligibility dates.[6] The Department denied this request on August 5, 1997 on the ground that it was "inappropriate," pointing out that the Board of Paroles was an autonomous agency. The Department also informed Mr. Washington that his release eligibility date was August 23, 2011 unless the Board of Paroles "indicates differently." Mr. Washington filed a second request

---

[3]*Washington v. Harrison*, No. 02C01-9703-CC-00097, 1998 WL 32680, at *1 (Tenn. Crim. App. Jan. 30, 1998), *perm. app. denied* (Tenn. Oct. 12, 1998); *Washington v. State*, 1997 WL 409480, at *1.

[4]With regard to the recomputed sentence, the Department informed Mr. Washington that his probationary parole date was June 7, 1985; his regular parole date was December 7, 1985; his RED date was January 13, 1986; and the expiration of the sentence was November 9, 1990.

[5]In 1993, Mr. Washington and two other prisoners serving life sentences as habitual criminals unsuccessfully challenged the Parole Eligibility Review Board's denial of their request for an amended parole eligibility date. *Jeffries v. State*, No. 01A01-9406-CH-00281, 1995 WL 1689 at *1 (Tenn. Ct. App. Jan. 4, 1995), *perm. app. denied* (Tenn. May 8, 1995).

[6]This request for a declaratory order is not included in the record but is referred to in other documents.

for a declaratory order in 1998 that mirrored his 1997 request. On December 16, 1998, the Department notified him that it had denied his request and that his release eligibility date was now January 23, 2011 because of the sentence credits he had earned since the Department's August 1997 letter.

Mr. Washington then filed a pro se petition for common-law writ of certiorari in the Chancery Court for Davidson County seeking judicial review of the Board of Paroles' decision to deny him a hearing to reinstate his early release eligibility date and an order granting him custodial parole to his concurrent life sentences. The trial court dismissed this action on August 19, 1998 after pointing out that it was the Department's, not the Board's, responsibility to determine when a prisoner becomes eligible to be considered for parole.[7]

On August 9, 2001, Mr. Washington filed a pro se petition for a declaratory judgment in the Chancery Court for Davidson County. The petition, though barely understandable, contained three claims. First, Mr. Washington asserted that the Department's failure to "adequately" process and calculate his sentences had caused him to be paroled to his concurrent life sentences in 1987 rather than in 1985. Second, he claimed that the Department had somehow illegally altered the November 1984 judgment sentencing him to two additional years for escape. Third, he argued that the Department had failed to calculate his "earliest release date" as required by Tenn. Code Ann. § 40-28-129 (2003) by excluding him from consideration for early release based on Governor Ned McWherter's 1988 directive under Tenn. Code Ann. § 41-1-504 (2003).[8] Both Mr. Washington and the Department filed motions for summary judgment.

The Department filed an affidavit prepared by its Manager of Sentence Information Services as part of its response to Mr. Washington's petition for declaratory judgment. This affidavit stated that Mr. Washington was serving his 1982 sentence consecutive to the four concurrent sentences he received in 1983 and that he was serving his 1984 escape sentence consecutive to his 1982 and 1983 sentences as required by applicable state law.[9] The affidavit also stated that Mr. Washington's release eligibility date, as of September 28, 2001, was August 18, 2009. On October 8, 2002, the trial court entered an order granting the Department's summary judgment motion and dismissing Mr. Washington's petition. Mr. Washington has appealed.

**II.**

Mr. Washington's appellate brief is as obtuse as the papers he filed in the trial court. It appears that he has abandoned two of the three claims he asserted in the trial court and that he is now

---

[7]*Washington v. Traughber*, No. 98-423-II (Davidson County Ch. Ct. Aug. 19, 1998 (order)).

[8]The statutory provisions for relieving prison overcrowding permit the governor to define the types of prisoners who may be considered for early release. Governor McWherter's December 19, 1998 directive stated that prisoners who had been convicted of escape were not eligible to be considered for early release.

[9]Sentences for escape convictions must be served consecutive to all other sentences previously imposed. Tenn. Code Ann. § 37-5-702 (repealed 1989); Tenn. R. Crim. P. 32(c)(3)(B).

focusing his energies on his claim that the Department failed "to adequately calculate" all of his concurrent sentences and to notify the Board that he has reached parole eligibility on his original five-to-ten-year sentence for assault with intent to commit robbery. We have determined that the Department correctly calculated Mr. Washington's release eligibility date and, based on that calculation, the Department is not yet required to notify the Board that Mr. Washington is eligible to be considered for parole.

A prisoner's release eligibility date is the earliest date that a prisoner convicted of a felony may be eligible for parole. Tenn. Code Ann. § 40-35-501(a)(1), (k) (2003). While the Board has the ultimate responsibility for determining whether a particular prisoner should be released on parole, Tenn. Code Ann. § 40-28-116(a)(1) (2003), the Department, as the custodian of the prisoner's records,[10] has the statutory responsibility for calculating each prisoner's release eligibility date. Tenn. Code Ann. § 40-28-129; *Johnson v. Tenn. Dep't of Corr.*, No. M2001-02424-COA-R3-CV, 2003 WL 22794498, at *3 (Tenn. Ct. App. Nov. 25, 2003) (No Tenn. R. App. P. 11 application filed); *Garrett v. Tenn. Bd. of Paroles*, No. M2000-00219-COA-R3-CV, 2002 WL 13044, at *3 (Tenn. Ct. App. Jan. 4, 2002) (No Tenn. R. App. P. 11 application filed). A prisoner's release eligibility date is based on the portion of the sentence the prisoner has served and the sentence credits, if any, the prisoner has earned. Tenn. Code Ann. § 40-28-115 (2003); Tenn. Comp. R. & Regs. 1100-1-1-.07(1)(a) (1999).

The Department is not required to notify the Board of a prisoner's release eligibility date until the prisoner is within four months of being eligible to be released. Tenn. Comp. R. & Regs. 1100-1-1-.07(1)(b). Accordingly, the sole issue in this case is whether the Department correctly determined in 2001 that Mr. Washington's release eligibility date, at that time, was August 18, 2009. If the Department's calculations are correct, it had no obligation to inform the Board that Mr. Washington was eligible for parole.

Ascertaining the basis for Mr. Washington's disagreement with the Department's calculations is difficult; however, his papers appear to contain two arguments. First, he makes reference to Tenn. Code Ann. § 40-20-110(b)(1) (2003), which requires the Department to notify the Board when a prisoner becomes eligible for consideration for custodial parole. However, Tenn. Code Ann. § 40-20-110(b)(1) applies only to prisoners who are serving two or more indeterminate sentences. Tenn. Code Ann. § 40-20-110(a); *Howell v. State*, 569 S.W.2d 428, 431 (Tenn. 1978). Therefore, it does not apply to Mr. Washington because he had only one indeterminate sentence.

Second, Mr. Washington appears to attach great significance to the 1985 decision of the Board's hearing panel recommending him for custodial parole. However, the Board itself rescinded this decision on February 12, 1986. Mr. Washington does not have some sort of continuing property right to profit from the mistake the Board's hearing panel apparently made twenty years ago. In addition, he has articulated no factual or legal basis to estop the Department from correcting the mistake and calculating his sentence in accordance with state law.

---

[10]Tenn. Code Ann. § 4-6-140 (1998); Tenn. Code Ann. §§ 41-21-104, -105, -107(a)(3) (2003).

**III.**

We affirm the dismissal of the petition for declaratory judgment and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Clarence Washington for which execution, if necessary, may issue. We also find that Mr. Washington's petition for declaratory judgment and subsequent appeal are frivolous in accordance with Tenn. Code Ann. § 41-21-807(c), -816(a)(1) (2003).

_____
WILLIAM C. KOCH, JR., P.J., M.S.